Jerry Dale DAVIDSON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 64–153.

United States District Court
W. D. Oklahoma.

Nov. 17, 1964.

Paul McDaniel, Oklahoma City, Okl., for plaintiff.

Jack Parr, Asst. U. S. Dist. Atty., Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

The petitioner herein filed his petition for relief pursuant to the authority of Title 28 U.S.C. § 2255, complaining of incarceration in two criminal cases from this District, to-wit: United States vs. Jerry Dale Davidson, Criminal #63–95 and Criminal Case #63–98. Competent and able counsel was appointed to represent the petitioner, and the petitioner was returned to this jurisdiction at the direction of the Court in order that he might freely and fully converse and advise with his counsel. Petitioner's counsel prepared and filed an Amended Petition setting forth the grounds upon which petitioner sought to proceed and an evidentiary hearing was held at which evidence was received from both petitioner and respondent.

In open court prior to the reception of any evidence petitioner withdrew paragraphs 4(d) and 5(c) of the Amended Petition, as grounds upon which relief was sought.

It is urged upon the Court that the sentences imposed in Cases 63–95 [1] and 63–98 [2] should be set aside and vacated for the reason that said sentences in each case were imposed in violation of the Constitution and laws of the United States.

The petitioner entered his plea of guilty to the three counts with which he was charged in case #63–95. A plea of guilty was also entered to Counts 1 and 2 in case #63–98. The petitioner stood trial on Count 3 in case #63–98 to a charge of violation of Title 21 U.S.C. § 174 and was found to be guilty by the Court, a jury having previously been waived. At the time of his five pleas of guilty and the trial as to the one count the defendant, the petitioner herein, was represented by competent and able counsel privately retained by petitioner.

Upon his pleas of guilty in case #63–95 the petitioner was sentenced on June 25,

1. In case #63–95 the defendant, the petitioner herein, was charged by indictment with violations of Title 26 U.S.C. § 4705 (a) in two separate instances and violation of Title 26 U.S.C. § 4704(a).

2. In case #63–98 the defendant was charged by indictment with violations of Title 26 U.S.C. §§ 4744(a) (1) and 4704 (a) and violation of Title 21 U.S.C. § 174.

1963, to a term of 15 years on Count 1 and Count 3 and to a term of 10 years on Count 2, the sentences imposed to run concurrently.

Upon his pleas of guilty in case #63–98 the petitioner was sentenced on June 25, 1963, to a term of five years on Count 1 and ten years on Count 2, the sentences thus imposed to run concurrently with the sentence imposed the same date in case #63–95.

Upon the finding of guilty by the Court on Count 3 in case #63–98 the petitioner was sentenced on September 12, 1963, to a term of ten years, said sentence to run concurrently with the sentence imposed on Counts 1 and 2 and concurrently with the sentence imposed in case #63–95.

Thus, the petitioner received a 15 year sentence on Count 1 in case #63–95 and all other sentences received in both cases were within the limits of that term and made to run concurrent therewith.

Petitioner urges in his Amended Petition that his rights were violated in case #63–95, in that:

(a) The pleas of guilty to all three counts were involuntary and forced by reason of threats made by a Government agent.

(b) The indictment is insufficient in that the alleged purchaser of the narcotic drugs is not named, and insufficient in that it failed to inform the petitioner of the nature of the accusations against him and would not withstand a plea of double jeopardy.

(c) The name of the informer is not stated in the indictment and therefore petitioner was denied the right to confront the witnesses against him.

(d) Petitioner was denied right of counsel while being interrogated by a Government agent after appearing before the U. S. Commissioner and subsequently on three occasions after arrest and while awaiting trial.

Petitioner urges in his Amended Petition also that his rights were violated in case #63–98, in that:

(a) The pleas of guilty to Counts 1 and 2 were involuntary and forced by reason of threats made by a Government agent.

(b) The indictment did not name the informer (or purchaser) nor at the trial upon Count 3 was the name of the informer stated, and thereby petitioner was denied the right to confront the witnesses against him, nor know the nature of the charges against him.

(c) Petitioner was interrogated by a Government agent at times when petitioner was not represented by counsel and the information received during such interrogation was subsequently used against petitioner in the trial upon Count 3.

(d) That the charge contained in Count 3 involved knowingly, willfully, unlawfully and fraudulently receiving and concealing narcotic drugs, the same having been imported into the United States contrary to law and the defendant so knowing of the fraudulent and unlawful importation, and, that the trial upon Count 3 was had on the issues not raised by Count 3 but rather upon the issue of the defendant himself having unlawfully imported said drugs, and thus the variance between the charge and the matters proved denied petitioner of his constitutional rights.

Petitioner seeks to have the sentence declared void and to be discharged from custody, or in the alternative for a new trial as to Count 3 of case #63–98.

After a full evidentiary hearing, at which each side was invited to offer any and all relevant evidence desired, the Court makes the following findings of fact:

The petitioner along with his brother were apprehended by Oklahoma City Police officers Bill Mize and Henry L. Handke on March 3, 1963, at approximately 2:00 P. M. in the southwest section of Oklahoma City. The officers were on a stake-out of a stash of narcotic drugs when they observed the petitioner picking up the contents of this stash. Petitioner was arrested at the scene on a city charge. The petitioner was taken

to the Oklahoma City Police Department and routinely photographed, fingerprinted and booked. Agent John K. Enenbach, Federal Bureau of Narcotics, was summoned by city officers to police headquarters. Petitioner was turned over to the custody of Agent Enenbach. Petitioner was interviewed briefly there by Agent Enenbach and taken forthwith before the U. S. Commissioner on a Federal charge and bond was set. The petitioner did not have an attorney with him at the city police headquarters nor at his appearance before the U. S. Commissioner. Agent Enenbach fully advised petitioner of his rights to counsel and to stand silent at police headquarters and prior to his appearance before the Commissioner. The U. S. Commissioner also advised petitioner fully of his rights to counsel and to stand silent. The petitioner did not request counsel nor refuse to discuss the details of his involvement with narcotic drugs with the officers. Immediately after his appearance before the U. S. Commissioner the petitioner was interviewed again by Agent Enenbach. This took place in the United States Marshal's office in the Federal Courthouse in Oklahoma City. Officers Mize and Handke were present during a portion of this interview. Agent Enenbach again advised petitioner of his right to counsel if he so desired and his right to remain silent. The petitioner was advised he could call an attorney while at the Marshal's office if he so desired. The petitioner made no such request and did not request an attorney prior to or during this interview. The petitioner was still under the residual effects of some sort of narcotic when arrested and when interviewed by Agent Enenbach, but was fully cognizant of what was transpiring, what he was doing and saying, and what was being said to him. During this interview, which lasted approximately one hour, the petitioner was asked about his sources of drugs and the location of his stashes. The petitioner was also questioned about some burglaries involving narcotics, and after being assured by the city officers that

they had no intention of attempting to secure state prosecution on such burglary charges, the petitioner voluntarily discussed his narcotics activities and directed the officers to the location of two other stashes in southern Oklahoma City. No threats were made to petitioner, nor were any promises made which were calculated to or in fact did induce him to so discuss his activities with the officers or direct them to the location of other narcotic drugs. The charges involved in the two cases under scrutiny herein do not involve the narcotics located at these two stashes where petitioner had drugs secreted and to which he directed the officers. During this one hour interview petitioner made certain admissions and statements to Agent Enenbach which were later used against him in the trial upon Count 3 in case #63–98. These admissions and statements were made voluntarily by the petitioner, knowing full well of the consequences of his acts and words, after having been fully advised of his rights. No threats, force, coercion or promises of any nature were used upon petitioner to induce him to make such admissions and statements. Petitioner had no counsel during this interview in the Marshal's office nor while he voluntarily showed the officers his other stashes. Petitioner did not request counsel though he had been advised of his rights to counsel. No counsel attempted to contact petitioner before or during this interview. Officers Mize and Handke never interviewed petitioner nor visited him in the county-federal jail, but were present when petitioner pointed out the two stashes, and another Federal Agent was present during this interview and the trip to the stashes, but his conduct is not complained of herein.

Agent Enenbach saw the petitioner on at least three other occasions while petitioner was being held in the county-federal jail awaiting further proceedings on the federal charges against him. Each visit was approximately an hour in length. The first such visit to petitioner was a few days after his arrest on March 3, 1963. On this occasion the Agent re-

quested information about some burglaries and narcotic traffic and asked if petitioner would become an informer for the Federal Bureau of Narcotics. The petitioner refused to do this and gave the agent no information concerning his own case or any other information. There was no counsel present during this visit by the agent, though petitioner testified he had talked to an attorney by this time but had not employed one. Petitioner told the agent he intended to plead guilty to the charges pending against him. No threats, force, coercion or promises were used by the Agent to induce petitioner to make this statement nor to subsequently enter a plea of guilty. A second similar visit occurred approximately two weeks later. What transpired on this occasion was basically the same as the first visit except there is no evidence that during this visit petitioner mentioned he intended to plead guilty.

On April 17, 1963, Agent Enenbach again visited petitioner in the county-federal jail. This was after the charges in case #63–98 had been brought against the petitioner. Petitioner had conferred with his privately retained counsel approximately 11 days after his arrest and prior to this visit. At the time of this third interview petitioner's counsel was not present. Petitioner did not request that his counsel be present and fully and freely entered into a conversation with Agent Enenbach. Petitioner during this conversation expressed his anger at being charged with more narcotic offenses and again refused to become an informer. Petitioner demanded to know who informed on him and was told by the Agent the informer was one Edward Ray Ford. Petitioner told Agent Enenbach that he had planned to plead guilty but now that additional charges had been filed he planned to fight all the charges and plead not guilty. The agent made no threats, used no force or coercion, and made no promises to induce petitioner to enter guilty pleas to any of the charges pending against him nor to elicit any information from the petitioner. The agent did testify that he told petitioner that if he would become an informer for the Federal Narcotics Bureau he would report that fact to the United States District Attorney. No promises of immunity from prosecution or of securing a light sentence were made by the agent. Petitioner testified he knew Edward Ray (Eddie) Ford, had known him for 8 years, considered him a friend, and had in the past purchased narcotics from Ford. Agent Enenbach had no more conversations with petitioner. It is only Agent Enenbach that petitioner asserts made threats and promises to him in any interviews with petitioner prior to his pleas of guilty and his trial on the one count.

On May 1, 1963, the petitioner appeared before the Court and entered a plea of not guilty to all three counts in case #63–95. On the same day petitioner entered his plea of not guilty to Count 3 in case #63–98 and his plea of guilty to Counts 1 and 2 of that case. Petitioner was accompanied by his counsel at this time and had conferred with him prior to entering his pleas. No one representing the Government, nor any officers, visited petitioner after April 17, 1963, nor after his entry of these pleas. On June 6, 1963, petitioner again appeared before the Court with his counsel and withdrew his pleas of not guilty in case #63–95 and entered pleas of guilty.

After careful consideration of all the evidence in this case the Court finds that the pleas of guilty in both cases were entered voluntarily and freely after having advised with privately retained and competent counsel and knowing and understanding the nature of the charges and the consequences of such pleas. The pleas of guilty were not coerced, nor the result of promises made by the Government, nor any of its agents.

In his brief submitted in support of his Amended Petition and after the receipt of the evidence and in the light of the evidence the petitioner relies upon four propositions:

I The post-arrest interrogation of petitioner by a Federal Narcotics

Agent in which petitioner was not represented by counsel violated petitioner's right to counsel under the Sixth Amendment.

II The failure of the indictment and the record in case #63–95 to state the name of the alleged purchaser of narcotics from petitioner renders the indictment and judgment void.

III Petitioner's pleas of guilty in case #63–95 and 63–98 were involuntary, having been induced by threats and promises made by a Federal Narcotics Agent, and the same are thereby void.

IV The failure of the Government to name the informer against the petitioner in the indictments in case #63–95 and 63–98 and to produce the informer at the trial on Count 3 in case #63–98 denied petitioner the right to confront the witnesses against him in violation of the Sixth Amendment.

The Government, as respondent herein, takes the position that (1) petitioner voluntarily, with understanding of the nature of the charges, entered his pleas of guilty, (2) the Sixth Amendment does not require the suppression of an otherwise voluntary confession made by defendant subsequent to presentment before the U. S. Commissioner but before the defendant is represented by an attorney, (3) that petitioner's valid convictions on the three counts in case #63–95 and Counts 1 and 2 in case #63–98 preclude the relief sought on Count 3 in case #63–98, even if such relief is warranted, (4) the failure to name the purchaser of narcotics in an indictment is not a fatal defect vulnerable to collateral attack.

The petitioner relies primarily upon Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, to support the argument that any post-arrest interrogatories of the petitioner-prisoner by Federal Agents while petitioner was not represented by counsel violates the Sixth Amendment to the United States Consti-

tution. Under petitioner's broad interpretation of the decision of the Escobedo case it would be impossible for law enforcement officers to interview prisoners apprehended at the scene of a crime regardless of the fact that such conversations may be conducted with the utmost regard for the protection, notification and preservation of the prisoner's rights under the law. The facts presented in the Escobedo case are drastically different from the case at bar. There a deliberate effort was made, and successfully, to prevent the prisoner from receiving assistance of counsel and admittedly the prisoner was not advised of his rights and was further mislead by officers into making an incriminating statement under such circumstances. The question presented to the United States Supreme Court was the admissibility of such a statement secured under such circumstances.

The question therein, as stated by Mr. Justice Goldberg, was "whether, under the circumstances, the refusal by the police to honor petitioner's request to consult with his lawyer during the course of an interrogation constitutes a denial of 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment.'" The holding in the case was as follows:

"We hold only that when the process (investigative) shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer."

That case, in the Court's opinion, is limited in its effect by the circumstances presented therein and does not by a sweep of the broadest of judicial brushes make any and all statements given by a prisoner to law enforcement officers inadmissible for the reason that the speaker did not have counsel by his side. Nor does that case stand as authority that any interrogation of a prisoner,

whether incriminating evidence was secured or not, make subsequent judgments based upon pleas of guilty void because during such interrogations counsel for the prisoner was not present. We do not have herein denial of counsel by the officers. Neither do we have a request by the prisoner to see or call his lawyer, nor, under the evidence, any indication that the prisoner was reluctant to discuss the aspects of his crimes without having his counsel present. There was no evidence that any lawyer representing petitioner was requesting to see him during such interrogation and was denied such request. The prisoner was fully advised of his rights and was not a novice in dealing with law enforcement personnel. There is no evidence herein that the prisoner was taken advantage of in any way or manner and clearly his statements were made freely and voluntarily. Nor is there present herein any trickery or deception to secure incriminating statements as appears in Massiah v. United States. Both Escobedo and Messiah, this Court feels, are limited to the facts and express questions presented in each respective case. Voluntary statements made by a prisoner adequately advised of his rights, who does not desire counsel, and freely enters into conversations with officers, though no counsel is in fact present with him, are not rendered inadmissible by reason of such fact. Neither does the fact of interrogation of a prisoner by officers, where the prisoner is fully advised of his rights to counsel and to remain silent violate the Sixth Amendment rights to counsel of said prisoner where the prisoner freely and voluntarily entered into conversations with the officers and does not seek the advice or presence of counsel, and such counsel was not in fact denied him.

■■ The Court does not mean to say directly or by implication that it turns its back on the cases cited by petitioner's counsel in his brief. All those cases are authority for the various aspects of the right to counsel problems with which they deal. However, this Court does not feel that the state of the law is such that a person arrested for a violation of the law may not be questioned without violating that person's rights under the Sixth Amendment where such questioning is done under proper circumstances, albeit in the absence of an attorney representing the arrested person. Neither does this Court feel that the state of the law is such that a person arrested for violations of the law may not make of his own free will incriminating statements under proper circumstances even though such statements are made at a time when an attorney is not at his elbow.

■ Thus, the Court finds that the interviews of petitioner by a Federal Agent at times when petitioner did not have counsel present did not violate the mandate of the Sixth Amendment and the statements freely and voluntarily made by petitioner at one such interview were admissible into evidence at a subsequent trial of petitioner for a violation of the Federal Narcotics law.

■ The failure of the indictment in case #63–95 to state the name of the purchaser of narcotics from petitioner does not render the indictment and judgment void, nor does the fact that the name of the purchaser does not appear in the trial record of that case violate petitioner's rights and render the judgment therein void. The indictment sufficiently alleges the statutory offenses involved and is not defective for the reason that the name of the purchaser is not included therein. Casias v. United States, 10 Cir., 331 F.2d 570; Clay v. United States, 10 Cir., 326 F.2d 196, certiorari denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050. The indictment itself need not plead an offense in such detail as to be self sufficient as a bar to further prosecution for the same offense. The judgment constitutes the bar. Martin v. United States, 10 Cir., 285 F.2d 150. The extent of such judgment may be determined from an examination of the record as a whole. Clay v. United States, supra. If the trial record does not reveal the exact extent of the judgment for the purposes of a plea of double

jeopardy, the same may be shown by any other competent means. Casias v. United States, supra. In case #63–95 petitioner was sufficiently apprised of the nature of the charges against him and could have adequately prepared a defense to such charges if he so desired. But there was in fact no trial. Petitioner plead guilty. Therefore, there was no opportunity in the trial record to reveal the name of the purchaser nor for such purchaser to testify. However, this judicial proceeding, the instant one, established by the testimony who the purchaser involved was, i. e., one Edward Ray Ford, an informer, and certainly this record is a competent means by which petitioner could prove the defense of double jeopardy if the need ever arose.

 The petitioner's rights to confrontation of the witnesses against him were not violated. In case #63–95, and to Counts 1 and 2 in case #63–98, he chose not to go to trial but rather to plead guilty. He had previously in fact been informed who had informed on him by a Federal Agent. There is no requirement for the naming of an informer in an indictment charging these offenses. It should be noted, too, that the informer and the purchaser need not be the same person, though that may be generally the case in this type prosecution. Having elected to plead rather than stand trial there could have been no confrontation of the witnesses against petitioner and his argument in this regard is completely without merit. As to Count 3 of case #63–98 petitioner was present throughout the trial, participated therein and was confronted, within the meaning of the United States Constitution, with all the witnesses produced and used against him to prove such charge.

The indictment in case #63–98 was statutorily sufficient for the same reasons as hereinabove set out dealing with the indictment in case #63–95, to withstand collateral attack.

 Petitioner does not argue paragraph 5(d) of his Amended Petition. However, a review of the trial record of Count 3 of case #63–98 indicates the trial was had upon the charge contained in Count 3 of the indictment; evidence was received by the Court upon such charge; the Court's judgment was rendered upon the issues presented by the charge and the petitioner's plea of not guilty to said charge, and based upon competent, relevant and convincing evidence of the petitioner's guilt beyond a reasonable doubt.

Thus, for the reasons hereinabove stated it is the opinion of the Court that the petition for relief filed herein pursuant to Title 28 U.S.C. § 2255, be denied.

Counsel for the respondent will prepare a proper form of judgment to be submitted to the Court for signature within five days hereof.