**Jerry Dale DAVIDSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8044.**

United States Court of Appeals
Tenth Circuit.

July 16, 1965.

---

6. The issue of appealability under 28 U.S.C. § 1291 was not raised or briefed by the parties in Solomon v. Bruchhausen.

Thomas J. Carroll, for appellant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., and Jack R. Parr, Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant appeals from a judgment denying him relief as prayed for in a motion under 28 U.S.C.A. § 2255.

Two indictments were returned against Davidson in the Western District of Oklahoma, each indictment contained three counts and all of the offenses charged concerned violations of narcotics or marihuana statutes. He entered a plea of guilty to the three counts contained in the first returned indictment and to counts 2 and 3 of the second indictment but pleaded not guilty to count 1 of the second indictment. A jury was waived as to this one count and a trial was had to the court which resulted in a finding of guilty. On the three counts of the first indictment, the court pronounced a sentence of 15 years on each of counts 1 and 3 and 10 years on count 2, with the sentences to run concurrently. On the counts contained in the second indictment the court pronounced a sentence of 5 years on count 1, 10 years on count 2 and 10 years on count 3, with all of those sentences to run concurrently each with the others and with the sentences imposed on the first indictment.

Appellant's broad and sweeping attack upon the judgments of conviction and sentences may be fairly summarized as follows: (1) That the pleas of guilty entered were forced and coerced; (2) that the indictments were legally insufficient in that the names of the alleged purchasers of the narcotics were not alleged and therefore failed to inform the accused of the nature of the accusations and would not withstand a plea of double jeopardy; (3) the name of the informer is not stated in the indictment and the accused was therefore denied the right to confront the witnesses against him; and (4) denial of the right to counsel while being interrogated by the government agent.

The trial court, after receipt of appellant's original motion, appointed able counsel to represent him, had the petitioner brought out of a penal institution and returned to the sentencing court to give him an opportunity to confer with counsel and prepare for the hearing and then held an exhaustive evidentiary hearing upon all issues raised. In determining the issues, the court prepared and filed a detailed and comprehensive memorandum opinion.[1]

---

1. Davidson v. United States, 236 F.Supp. 264.

We have carefully read the various transcripts of the proceedings had before the trial judge, including arraignment proceedings had on May 1, change of plea proceedings had on June 6, sentencing proceedings had on June 25, trial proceedings had on September 10, sentencing proceedings had on September 12, all in 1963, and proceedings had of the hearing of Davidson's 2255 motion on September 3, 1964. From these proceedings and the evidence contained therein, the trial court made his exhaustive and complete findings of fact, as reported in Davidson v. United States, footnote 1. This opinion need not be prolonged by enumerating again those detailed facts, although it will be necessary to make reference to some of those facts as we consider the specific points raised.

As to appellant's contention that his pleas of guilty were forced and coerced the record discloses the following pertinent facts, as found by the trial judge: That following Davidson's arrest by city police officers, he was turned over to a Federal Narcotics Agent, who forthwith took him before a United States Commissioner, where formal charges were filed; the commissioner advised the accused of his right to counsel and his right to remain silent; both prior to and after the appearance before the commissioner, the narcotics agent likewise advised the accused; following the appearance before the commissioner, Davidson was taken by the federal agent to the office of the United States Marshal, where he was advised of his right to counsel and to remain silent; at this same time he was expressly advised that he could call an attorney from that office, if he so desired, but he expressed no such desire; Davidson, at the time of arrest and when interviewed by the agent, was under the residual effects of some kind of narcotics, but was at all times pertinent fully cognizant of what was transpiring; during this interview the accused made admissions and statements which were used against him in the subsequent trial; two city police officers were present during most of this interview and they advised Davidson on this occasion that they had no intention of seeking a state prosecution against him on burglary charges; he talked freely about his narcotics activities and advised the officers of the location of stashes; after this interview, he accompanied the officers and located these stashes.

The trial court further found: That the agent interviewed Davidson on three other occasions while he was being held on these charges; the first was a few days following the arrest, when the agent asked him to become an informer, which Davidson refused to do, no information was given by the accused on this occasion except that he intended to plead guilty to the pending charges; several weeks later the agent again visited Davidson, which was after he had retained counsel, but no information was obtained from him; the agent again visited the accused on April 17 after the second group of charges had been filed against him; at this time Davidson was angry because the second charges had been filed, demanded to know the name of the informer and was advised that his name was Edward Ray Ford; accused stated on this occasion that he intended to plead not guilty to all charges; during this last interview the agent told Davidson that if he would become an informer, that fact would be reported to the United States Attorney but Davidson again refused. The trial court also found as facts that no promises of immunity from prosecution were made, or no threats, force, coercion or promises were used by the agent to induce Davidson to enter his pleas of guilty.

The record further shows that on May 1 Davidson, with retained counsel, appeared in court and entered pleas of not guilty to the three counts of the first indictment and to count 3 of the second indictment and pleas of guilty to counts 1 and 2 of the second indictment. The transcript reveals that the able trial judge, on this occasion, carefully and painstakingly, by questions put to Davidson first satisfied himself that the ac-

cused understood the nature of the charges and the maximum punishment that could be imposed upon each count. After the pleas of guilty were entered, the judge specifically inquired, "Has anyone made you any promises or used any force or threats against you to cause you to plead guilty to Counts 1 and 2?" The accused replied, "No." There is no evidence that any agent or other officer of the government interviewed or talked with Davidson between this date and his next appearance before the court on June 6.

At that time, the accused appeared with his retained counsel, withdrew his pleas of not guilty to the three counts of the first indictment and entered pleas of guilty to each of the three counts. Again, the transcript reflects the commendable care exercised by the trial judge.[2]

■ Like the trial judge, we are unable to find substance to appellant's claim of forced and coerced pleas of guilty. On the day of his arrest, after being fully advised of his right to counsel and to remain silent, Davidson freely and voluntarily discussed with the officers his activities in connection with the narcotics traffic and voluntarily accompanied the

officers to locate for them two additional stashes of narcotics. In other words, he freely admitted his guilt to the charges, to which he later entered pleas of guilty. We find nothing in any of the statements made by the officers to Davidson during any of the interviews from which we could, by them, conclude that he was forced, compelled or coerced to enter the pleas of guilty. In addition, appellant had the benefit of retained counsel from a time shortly after his arrest in April until all of the charges against him were finally disposed of during the following September, and he makes no complaint about the adequacy of his counsel, nor does he allege or claim that he is not guilty of the charges.

■ Appellant's attack upon the sufficiency of the first indictment because of the failure to name the alleged purchasers of narcotics is without merit. This court has held that the name of the purchaser in a 26 U.S.C. § 4704(a) prosecution is not an element of the offense. Casias v. United States, 10 Cir., 331 F.2d 570, cert. denied, 379 U.S. 1002, 85 S.Ct. 726, 13 L.Ed.2d 704; cf. Clay v. United States, 10 Cir., 326 F.2d 196. It is not the indictment but the judgment that constitutes the bar to fur-

2. The following colloquy between the court and the accused was had:

"THE COURT: You've previously been arraigned before this Court on an Indictment containing three counts of alleged narcotics violations on your part to which you entered a plea of not guilty after the charges were explained to you and the maximum punishment was explained to you. You've heard your attorney say here in Court that you desire to change that plea here this morning; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: You change your plea of not guilty to each Count to a plea of guilty as to each Count?

THE DEFENDANT: Yes, sir.

THE COURT: And do you do so of your own free and voluntary will?

THE DEFENDANT: Yes.

THE COURT: Any promises been made to you or any force or threats against you to cause you to change your plea from not guilty to guilty?

THE DEFENDANT: No, sir.

THE COURT: Anyone given you any other reason to cause you to change your plea?

THE DEFENDANT: No, sir.

THE COURT: Anyone used any force or threats against you?

THE DEFENDANT: No, sir.

THE COURT: Have you had the advice of counsel in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: And he's your privately retained counsel, is he?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his legal services in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Are you guilty of these three offenses?

THE DEFENDANT: Yes, sir.

THE COURT: The Court will accept the defendant's plea of guilty to these three Counts and will refer the matter to the probation officer for presentence report.

That's all."

ther prosecution for the same offense and the extent of the judgment may be determined from an examination of the whole record, or proved by any other competent means. See Clay and Casias, supra. In this case, as pointed out by the trial judge, the record of this proceeding reveals the name of the purchaser in each instance.

■■ Likewise, appellant's complaint that he was denied the right to be confronted by the witnesses against him is wholly without merit. He pleaded guilty to five counts. These were simply confessions of guilt and eliminated any necessity for the production of evidence on behalf of the government. It is true he was tried on one count and the government produced its witnesses against him and they testified. Through his retained counsel he was afforded an opportunity to cross-examine them, which he did. There was an informer in the case, whose identity was disclosed to Davidson soon after his arrest. Apparently, it was not necessary to call the informer as witness in the trial and the government was not compelled to produce him.

Appellant lastly contends that he was denied the constitutional right to counsel while being interrogated by the narcotics agent on four occasions. In this regard Davidson testified: That immediately after his arrest and when he was in the city police headquarters he requested to see an attorney but his request was denied; and, that his request for counsel was also denied during the questioning in the office of the United States Marshal. The officers testified that he was advised, on these two occasions and at the beginning of each of the other three interviews, of his right to counsel, and that he made no request for counsel at any time. Apparently, the trial court did not believe Davidson's testimony and chose to believe the officers.

Appellant puts great stress upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Since that decision, much has been written and spoken about its far-reaching effects but we do not propose here to analyze that decision. We only say here that the facts before us, and as found by the trial judge, are far different than the Escobedo facts, and we do not believe that decision has any application to this case. Neither does the case of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), which is also cited and relied upon by appellant.

This court has in several recent cases refused to give Escobedo the broad interpretation as urged by appellant. Judge Lewis, speaking for the majority in Otney v. United States, 10 Cir., 340 F.2d 696, 702, said, "To me, the solid premise of the Supreme Court's opinion in Escobedo lies in the affirmative denial to that accused of his constitutional right to consult counsel." [3] In Latham v. Crouse, 10 Cir., 338 F.2d 658, Judge Breitenstein, in comparing Escobedo with the situation in Latham said, "In that case [Escobedo] during the investigation of a crime of which Escobedo was suspected he made repeated efforts to consult with his lawyer and the lawyer was denied access to his client. In the case at bar full opportunity was given petitioners to have legal advice. The record convinces us that they intelligently and understandingly rejected counsel and waived their right to counsel * * *."

■ Under the facts, as found by the trial court, and which are amply supported by the record, we must conclude that Davidson was fairly and adequately advised, at all pertinent times, of his right to counsel and to remain silent, and that he understandingly waived his right to counsel on the occasions of his interrogation by the narcotics agent and the city police officers.

Affirmed.

---

3. Long v. United States, D.C.Cir., 338 F. 2d 549; Jackson v. United States, D.C. Cir., 337 F.2d 136, cert. denied 380 U.S. 935, 85 S.Ct. 944, 13 L.Ed.2d 822; Davis v. State of North Carolina, 4 Cir., 339 F.2d 770 (en banc); Payne v. United States, 9 Cir., 340 F.2d 748.