**Edward James MAH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8085.**

United States Court of Appeals
Tenth Circuit.

July 21, 1965.

---

John F. Lynch, Cheyenne, Wyo., for appellant.

John Quinn, U. S. Atty., (John A. Babington, Asst. U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and KERR, District Judge.

LEWIS, Circuit Judge.

Appellant was convicted of a violation of the Dyer Act, 18 U.S.C. § 2312, and he appeals, asserting as his principal contention that he was denied the right to counsel guaranteed by the Sixth Amendment.

Appellant was first arrested near Santa Rosa, New Mexico, by state police. At such time he was driving a 1964 Cadillac which was subsequently shown to have been stolen from the car lot of an Oakland, California, car dealer. Soon after arrest appellant requested that he be allowed to telephone a named attorney. The call was placed but there was no answer. Appellant also "stated that he wanted to speak to an FBI agent, that he wasn't going to speak to anyone else but an FBI agent." An agent was called and three times interviewed appellant, once before arraignment and twice after arraignment. Preceding each interview and at arraignment appellant was fully advised of his right to counsel but made no request for the assistance of counsel.[1] Statements made by appellant during the interviews with the agent, including a written statement made after arraignment,[2] were admitted into evidence and form the premise of his present contention of a denial of a constitutional right.

1. Concerning the first interview the FBI agent testified:

"Q Excuse me, Officer. Before you were talking to him, did you explain to him who you were?

A Yes, sir.

Q What did you tell him along those lines?

A I showed him my credentials and told him I was a Special Agent of the FBI, and he said, 'Good. I wanted to talk to you.'

Q Did you advise him of his constitutional rights at that time?

A Not at that time. Before I started talking to him, I did, however, advise him of his right to consult an attorney and that he could talk to an attorney or anybody else he wanted before he said anything at all, that anything he said would be used against him in a court of law.

Q When you identified yourself as a Special Agent of the FBI, what was his answer to that?

A He said, 'I wanted to talk to you,' gave indication that he told the officer he wanted to talk to an FBI Agent."

2. The written statement is premised:

"I, Edward James Mah, make the following statement freely and voluntarily to Carlton P. Norton, who has identified himself to me as a Special Agent of the FBI. SA Norton has told me that I have the right to talk to an attorney of my choice or anyone else before saying anything at all and, if I could not pay for a lawyer, the judge will appoint one for me. I know anything I say can be used against me in a court of law. No threats or promises have been made to me.

I am thirty-seven years of age and can read and write."

Although appellant made a request to the New Mexico police to avail himself of the assistance of counsel, a request that was neither fulfilled nor denied, we find the incident to have no constitutional significance affecting the subsequent federal prosecution. Throughout the entire proceedings, from arrest to conviction, appellant was well aware of, and was repeatedly advised of, his right to counsel. He affirmatively sought a consultation with a federal officer, refused to talk to any other person, and then freely and voluntarily told the federal officer of his participation in the crime. We find nothing in the rationale of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, nor Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, which dictates a violation of the Sixth Amendment for as this court said in Otney v. United States, 10 Cir., 340 F.2d 696 at 702 (concurring opinion):

"[T]he solid premise of the Supreme Court's opinion in Escobedo lies in the affirmative denial to that accused of his constitutional right to consult counsel. Such denial had a direct causal bearing upon the voluntariness of the confession both in fact and in law, and, indeed presented a factual background that many would consider as bordering on legal outrage. But the case at bar presents a much different picture. Here, the appellant, after arrest and appearances before the United States Commissioner and after being fully advised of his right to counsel by both the Commissioner and the federal interrogator, simply told of his participation in the crime. Nothing was denied to him and, unless an accused's mouth becomes legally closed after his right to counsel attaches and regardless of all else, a generality which this court has negatived, Latham v. Crouse, 10 Cir., 338 F. 2d 658, Otney's confession was not tainted by a violation of his right under the Sixth Amendment."

Appellant also contends that the court erred in allowing the government to ask him questions upon cross examination as to his use of aliases and as to the fact of specific prior arrests. Such questions were, however, but preliminary to proof of prior convictions and were, as such, proper cross examination. Thayer v. United States, 10 Cir., 168 F.2d 247. Other contentions of appellant have been considered and are similarly without merit.

Affirmed.