DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Stephen F. Farris, appeals from the judgment of the Wayne County Municipal Court finding him guilty of possession of drug paraphernalia and sentencing him to a $150 fine and 6 month suspension of his driver's license. We affirm.
 {¶ 2} A police officer stopped Defendant for speeding. The officer approached Defendant's vehicle, and noted that when Defendant rolled down his driver's side window a light odor of burnt marijuana emanated from the passenger compartment. The officer asked Defendant to exit his vehicle, performed a pat-down search on Defendant, took Defendant's car keys, and escorted Defendant to his patrol car where he ordered Defendant to sit in the passenger seat. Without giving Defendant any Miranda warnings, the officer asked him whether there were any drugs or drug paraphernalia in the vehicle. Defendant admitted that his trunk contained a glass marijuana pipe and cigarette papers.
 {¶ 3} The officer then immediately gave Defendant his Miranda warnings and repeated the questions. Defendant, again, admitted that he had drug paraphernalia in his trunk. The officer, along with a second officer who had arrived on the scene, then proceeded to search both the interior and trunk of Defendant's vehicle after placing Defendant in the back of the patrol car. The officer discovered the glass pipe, which tested positive for marijuana residue, and cigarette papers in an opaque box in Defendant's trunk.
 {¶ 4} Defendant was charged with possession of drug paraphernalia. Defendant filed a motion to suppress on April 18, 2003. In response, the trial court ordered Defendant and the State to brief two issues prior to trial: whether inculpatory statements made by Defendant were admissible and whether the police officer had probable cause to search the trunk of Defendant's vehicle. On April 28, 2003, the court found that Defendant was in custody when he made inculpatory statements. Therefore, the court suppressed the inculpatory statements made prior to receipt of Miranda warnings, but ruled that identical statements, made by Defendant after receiving the required warnings, were admissible. The court also found that the police officer had probable cause to search the trunk of Defendant's vehicle based on the odor of burnt marijuana in the passenger compartment of the vehicle.
 {¶ 5} Following the court's rulings, Defendant pleaded no contest to possession of drug paraphernalia. The court sentenced Defendant to pay $150 in fines and suspended Defendant's driver's license for six months. The trial court stayed execution of the sentence pending appeal. Defendant timely appealed, raising two assignments of error.
 ASSIGNMENT OF ERROR I
"The trial court erred in denying [Defendant's] pretrial motion to suppress inculpatory statements made to the Ohio State Highway Patrol."
 {¶ 6} In his first assignment of error, Defendant argues that the trial court erred by failing to suppress inculpatory statements made by Defendant to the police. Specifically, Defendant alleges that the second set of inculpatory statements, given after Miranda warnings, were inexorably intertwined and tainted by the immediacy of his prior non-Mirandized inculpatory statements and illegal arrest. He also asserts that the court should have suppressed the statements because he did not voluntarily and knowingly waive his rights, and the police did not obtain any written waiver. We disagree.
 {¶ 7} The review of a motion to suppress presents a mixed question of fact and law for an appellate court. State v.Yeager, 9th Dist. Nos. 21091, 21112, and 21120, 2003-Ohio-1808, at ¶ 5, citing State v. Long (1998), 127 Ohio App.3d 328, 332. This court "`is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence.'" State v.Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at 5, quotingState v. Searls (1997), 118 Ohio App.3d 739, 741. However, an appellate court reviews de novo the trial court's application of the law to those facts. Robinson, supra, at 5, citing Searls,118 Ohio App.3d at 741.
 {¶ 8} This court initially notes that Defendant in this case was never arrested. The officer neither had the intent to arrest Defendant, nor did he tell Defendant he was under arrest. Rather, the officer merely cited and released Defendant. Defendant, therefore, was never under arrest. See State v. Darrah (1980),64 Ohio St.2d 22, 26. As such, the Fourth Amendment "fruit of the poisonous tree" doctrine, which applies to statements made by a defendant following an illegal arrest, does not apply. See Brownv. Illinois (1975), 422 U.S. 590, 45 L.Ed.2d 416 (statements excluded as fruit of an illegal arrest); Wong Sun v.United States (1963), 371 U.S. 471, 9 L.Ed.2d 441 (same).
 {¶ 9} Miranda v. Arizona (1966), 384 U.S. 436, 444,16 L.Ed.2d 694, protects a defendant's Fifth Amendment right against self-incrimination by prohibiting admission of inculpatory statements resulting from custodial interrogation unless law enforcement officers have followed enumerated procedural safeguards. Prior to custodial interrogation, a defendant must be informed that he has the right to remain silent, any statement he makes may be used as evidence against him, and he has the right to the presence of an attorney. Id. We must answer two questions in determining whether Defendant's inculpatory statements made following the Miranda warnings are admissible: whether Defendant's inculpatory statements were voluntary, and whether Defendant voluntarily, knowingly, and intelligently waived his Miranda rights. See State v. Clark (1988), 38 Ohio St.3d 252,261.
 {¶ 10} In determining whether a statement was voluntary, the court considers the totality of the circumstances. Clark,38 Ohio St.3d at 261. Factors under this test may include "the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31, 40-41, citing Brown v. United States (C.A. 10, 1966),356 F.2d 230, 232. Generally speaking, for an inculpatory statement made after valid Miranda warnings to be considered involuntary, law enforcement officers must have engaged in some form of coercive action. Colorado v. Connelly (1986), 479 U.S. 157,167, 93 L.Ed.2d 473.
 {¶ 11} In this particular case, Defendant, a 21 year old college student with no prior criminal history, was asked a single question by a police officer during a brief traffic stop. The officer did not threaten Defendant or offer Defendant inducements to answer his question, nor did he mistreat Defendant. No evidence of physical deprivation has been offered. The officer exercised no overt coercion upon Defendant beyond the facts that Defendant was seated in the front seat of the police cruiser and that the officer had Defendant's keys. Defendant's first statements were voluntary.
 {¶ 12} Likewise, Defendant's second set of inculpatory statements, given following the Miranda warnings, were voluntary. Defendant, again, was under no coercion to answer the officer the second time. The officer did not threaten Defendant or offer him inducements to answer, nor did the officer mistreat or physically deprive Defendant of anything. While Defendant argues that his prior unwarned confession defeats the voluntariness of his second set of Mirandized statements, this court has held that:
"the mere fact that a defendant has made an unwarned confession does not raise the presumption that the unwarned confession was involuntary or that it tainted the admissibility of subsequent warned confessions. Thus, although a defendant's prior unwarned confession is inadmissible because of the failure to provide Miranda warnings, the administration of Miranda warnings before a subsequent confession `ordinarily should suffice to remove the conditions that precluded admission of the earlier [confession].'" (internal citations and emphasis omitted). In reTaylor (Mar. 29, 1995), 9th Dist. No. 93CA005650, at 11-12, citing and quoting Oregon v. Elstad (1985), 470 U.S. 298, 314,318, 84 L.Ed.2d 222. See, also, State v. McMillan (1990),69 Ohio App.3d 36, 40-41.
We find that Defendant's prior unwarned statements do not, by themselves, render his second set of inculpatory statements involuntary.
 {¶ 13} Given that both sets of Defendant's inculpatory statements were voluntary, the question remains whether Defendant voluntarily, knowingly, and intelligently waived his Miranda rights. Where the prosecution alleges that a defendant has waived his Miranda rights, it must prove, by a preponderance of the evidence, that the defendant knowingly, voluntarily, and intelligently waived those rights based on the totality of the circumstances. See State v. Gumm, 73 Ohio St.3d 413, 429,1995-Ohio-24. While an express or written statement of waiver may be preferable in Miranda cases, neither is required in order to find a valid waiver of Miranda rights. North Carolina v. Butler
(1979), 441 U.S. 369, 373, 60 L.Ed.2d 286. In some cases, "waiver can be clearly inferred from the actions and words of the person interrogated." Id. "A suspect's decision to waive hisFifth Amendment privilege against compulsory self-incrimination is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." State v. Dailey (1990),53 Ohio St.3d 88, paragraph two of the syllabus.
 {¶ 14} Defendant chose to speak to the officer following the officer's recitation of the Miranda warnings. Defendant told the officer that he understood those rights. He did not in any way indicate his wish to exercise any of his Miranda rights. He did not preface his response with "since I already told you," or any other phraseology in that vein. Rather, he, again, answered the questions of the officer in spite of being informed of his right to remain silent. The mere fact that the officer immediately repeated the same question following the Miranda warnings should have indicated to Defendant, a college student, that he was free to embrace his Miranda rights and remain silent. Defendant's acts indicate that he voluntarily, knowingly, and intelligently waived his Miranda rights.
 {¶ 15} Defendant, citing Westover v. United States (1966),384 U.S. 494, 16 L.Ed.2d 735, alleges that the lack of time or events separating the prior unwarned and subsequent warned statements vitiated his ability to validly waive his Miranda rights. First, we note that Westover involved a defendant subject to nearly 14 hours of interrogation prior to receipt of any Miranda warnings. Defendant can hardly argue that the facts of his case, a brief traffic stop during which he was never arrested, parallel fourteen hours of custody suffused with interrogation. Second, and more importantly, this issue has subsequently been addressed in depth by the United States Supreme Court in Elstad, 470 U.S. at 317-18:
"A handful of courts have * * * applied our precedents relating to confessions obtained under coercive circumstances to situations involving wholly voluntary admissions, requiring a passage of time or break in events before a second, fully warned statement can be deemed voluntary. Far from establishing a rigid rule, we direct courts to avoid one; there is no warrant for presuming coercive effect where the suspect's initial inculpatory statement, though technically in violation of Miranda, was voluntary. The relevant inquiry is whether, in fact, the second statement was also voluntarily made. * * * The fact that a suspect chooses to speak after being informed of his rights is, of course, highly probative."
Because Defendant's first set of inculpatory statements were made voluntarily, a break in time is not necessary in order to find that Defendant voluntarily, knowingly, and intelligently waived his Miranda rights, and that his second inculpatory statements were also voluntary.
 {¶ 16} This court does not mean to say that the recitation of Miranda warnings to a defendant following an unwarned confession will automatically result in admissibility of any later, Mirandized statements. Rather, each case must be dealt with according to the facts and circumstances at hand On the facts of the case at hand, we find that that both sets of Defendant's statements were voluntary and that Defendant voluntarily, knowingly and intelligently waived his Miranda rights. Accordingly, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying [Defendant's] pretrial motion to suppress physical evidence seized by the Ohio State Highway Patrol from the trunk of [Defendant's] vehicle."
 {¶ 17} In his second assignment of error, Defendant argues that the trial court should have suppressed the evidence seized by the officer from the trunk of his vehicle. Defendant alleges that the officer only had probable cause to search the passenger compartment of his vehicle, and not the trunk, because it is not probable that one would find burning marijuana in the trunk of a car. Given our determination as to the admissibility of Defendant's second set of inculpatory statements, we disagree.
 {¶ 18} This court reviews de novo any determination of probable cause made by the trial court. Ornelas v.United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. TheFourth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, prevents unreasonable searches and seizures. Section 14, Article I of the Ohio Constitution is nearly identical, and also prohibits unreasonable searches. State v. Kinney, 83 Ohio St.3d 85, 87, 1998-Ohio-425. "For a search or seizure to be reasonable under theFourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." State v. Moore, 90 Ohio St.3d 47, 49,2000-Ohio-10, at 49, citing Katz v. United States (1967),389 U.S. 347, 357, 19 L.Ed.2d 576, and State v. Brown (1992),63 Ohio St.3d 349, 350. The State must show that probable cause existed, and that either a warrant was obtained or an exception to the warrant requirement applied. Moore, 90 Ohio St.3d at 49. Failure to meet either step results in suppression of the evidence seized in the unreasonable search. Moore,90 Ohio St.3d at 49, citing Mapp v. Ohio (1961), 367 U.S. 643,6 L.Ed.2d 1081.
 {¶ 19} When a police officer validly stops an individual for a traffic violation, that officer must have further probable cause in order to conduct a search of the individual's vehicle.Moore, 90 Ohio St.3d at 49. After the officer has probable cause to believe the vehicle contains contraband, he may search the vehicle based on the automobile exception to the warrant requirement. Id. at 51. In this case, Defendant's admissible inculpatory statements relating to the drug paraphernalia gave the officer probable cause to search the trunk of Defendant's vehicle without a warrant pursuant to the automobile exception. We, therefore, overrule Defendant's second assignment of error.
 {¶ 20} We overrule Defendant's assignments of error and affirm the judgment of the Wayne County Municipal Court.
Judgment affirmed.
Whitmore, P.J. and Batchelder, J., concur.