**Raymond CASIAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7572.**

United States Court of Appeals Tenth Circuit.

April 27, 1964.

William D. Swenson, Denver, Colo., for appellant.

Arthur L. Fine, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Colorado denying defendant's motion for relief under 28 U.S.C. § 2255. A history of the prosecution is pertinent to the present appeal.

In 1961, defendant was convicted upon two counts of an indictment charging him with the receipt, concealment and sale of narcotic drugs unlawfully imported in violation of 21 U.S.C. § 174. The judgments of conviction were appealed to this court and we reversed for error committed during the course of the trial. Casias v. United States, 10 Cir., 302 F.2d 513. After remand, the case was set for re-trial on July 13, 1962. On such date, defendant appeared with his counsel and informed the court that he was willing

to waive indictment and plead guilty to the charge contained in an information alleging that he had unlawfuly sold, dispensed and distributed a quantity of narcotics in violation of 26 U.S.C. § 4704(a). Upon entering such a plea, the United States Attorney indicated his intention to dismiss the indictment charging violations of 21 U.S.C. § 174. The court accepted the plea of guilty to the information and granted the motion to dismiss the indictment. Defendant now asserts that the information to which he pleaded guilty is inadequate to protect him against double jeopardy and thus void and subject to attack under 28 U.S.C. § 2255.[1] Emphasis is placed upon the fact that the information does not contain the name of the purchaser of the narcotics.

■ The name of the purchaser is not an element of an offense charged under 26 U.S.C. § 4704(a) and an indictment or information not setting forth the name is not constitutionally defective for such lack and subject to collateral attack.[2] Nor need an indictment or information plead an offense in such detail as to be self-sufficient as a bar to further prosecution for the same offense. The judgment constitutes the bar. Martin v. United States, 10 Cir., 285 F.2d 150. And the extent of the judgment may be determined from an examination of the record as a whole, Clay v. United States, 10 Cir., 326 F.2d 196; Hester v. United States, 10 Cir., (dec. January 1964) or, indeed, proved by any other competent means. Cf. McDowell v. United States, 10 Cir., 330 F.2d 920.

■ In the case at bar the record clearly indicates that appellant's plea of guilty to the information is an outgrowth of and contained within the unlawful conduct detailed at his earlier trial. Appellant is in an unusually favorable position to prove the exact nature of his present judgment should that need ever arise.

The judgment is affirmed.

1. The information alleged: "That on or about October 27, 1960, in the City and County of Denver, in the State and District of Colorado, RAY CASIAS, also known as Richard, did unlawfully sell, dispense and distribute a quantity of a narcotic drug, to-wit: 320 milligrams of heroin, not in or from the original stamped package, in violation of 26 USC 4704(a)."

2. To the extent, if any, that this statement conflicts with the views expressed by the Seventh Circuit in Lauer v. United States, 320 F.2d 187, we respectfully refuse to follow Lauer as did the Eighth Circuit similarly refuse in Jackson v. United States, 325 F.2d 477. See also, Robison v. United States, 9 Cir., 329 F.2d 156.