**Visente M. FLORES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7780.**

United States Court of Appeals
Tenth Circuit.

Dec. 1, 1964.

John W. McKendree, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was charged, tried and convicted by a jury upon each of nine counts of an indictment charging a conspiracy to violate and substantive violations of the federal narcotic laws. 18 U.S.C. § 371; 21 U.S.C. § 176a; 26 U.S.C. § 4744 (a) (1); 26 U.S.C. § 4744(a) (2); 26 U.S.C. § 4742(a); 26 U.S.C. § 4755(a). By motion filed under 28 U.S.C. § 2255

he now seeks to vacate the judgment and sentence imposed upon each substantive count alleging that the indictment for such counts was fatally defective in such varying respects as: failing to apprise him sufficiently of the charge; denying him the protection of a grand jury indictment; failing to name the transferee under 26 U.S.C. § 4742(a); failing to name with certainty the place of the alleged offenses; failing to protect him against the possibility of double jeopardy.

We find no merit to appellant's contentions. Each substantive count of the indictment alleges the essential elements of the charged offense with certainty and is sufficient to inform appellant of the nature of the offense charged. Smith v. United States, 10 Cir., 273 F. 2d 462; Wood v. United States, 10 Cir., 317 F.2d 736. And where, as here, the attack upon the indictment is made collaterally, the judgment must stand if the indictment is sufficient to meet constitutional requirements. See Charley v. United States, 10 Cir., 303 F.2d 512. An indictment alleging the commission of the offense within the jurisdiction of the trial court meets the required certainty of place of commission. Butler v. United States, 10 Cir., 197 F.2d 561. So, too, is an indictment sufficient that does not name the transferee when charging a violation of applicable narcotic laws. McDowell v. United States, 10 Cir., 330 F.2d 920; Casias v. United States, 10 Cir., 331 F.2d 570.

The test of the sufficiency of an indictment is not determined by whether the indictment alone will protect the accused against the possibility of double jeopardy. The judgment of conviction or acquittal is the bar to further prosecution, Martin v. United States, 10 Cir., 285 F.2d 150; Casias v. United States, 10 Cir., 331 F.2d 570, and the entire record of all proceedings against the accused may be referred to if there is a claim that a subsequent prosecution constitutes double jeopardy. In the case at bar much detail of the offenses is set forth in the conspiracy count of the indictment and the record as a whole contains a transcript of proceedings upon a motion to suppress evidence. The entire transcript of the trial is also available should its need ever arise.

The judgment is affirmed.