George T. MOORE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17663.

United States Court of Appeals Eighth Circuit.

Oct. 21, 1964.

Certiorari Denied Jan. 25, 1965.

See 85 S.Ct. 712.

George T. Moore, pro se.

Robert D. Smith, Jr., U. S. Atty., and Jeff Davis, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

PER CURIAM.

Before us are appeals by George T. Moore, whom we shall refer to herein as defendant, from orders dated January 9, 1964 and April 13, 1964, denying his two separate motions for 28 U.S.C.A. § 2255

relief. Pursuant to leave granted by the District Court, defendant has prosecuted these appeals in forma pauperis from the orders denying relief above described.

Defendant was charged in a four count indictment with narcotics violations proscribed by 26 U.S.C.A. §§ 4704(a) and 4705(a) and after a trial found guilty by a jury upon each count and is presently serving concurrent sentences imposed. Defendant took no appeal from his conviction.

Defendant's motions attack the validity of his conviction upon grounds restated as follows:

(1) 26 U.S.C.A. §§ 4704(a) and 4705(a), under which defendant stands convicted, are unconstitutional.

(2) The indictment is fatally defective in that: (a) It fails to charge a crime with sufficient certainty to enable defendant to defend and set up a former jeopardy defense in event of a subsequent prosecution. (b) The indictment charges the offense was committed in Little Rock, Arkansas, whereas proof shows the offense to have been committed in North Little Rock, Arkansas.

The trial court properly denied the motion upon the grounds urged. The constitutional attack is frivolous and requires no detailed discussion. See Dunford v. United States, 4 Cir., 216 F.2d 184, and cases there cited.

The attack on the sufficiency of the indictment is based largely upon Lauer v. United States, 7 Cir., 320 F.2d 187. We have refused to follow Lauer and have consistently held that the name of the purchaser is not an essential element of a narcotics violation offense of the types here charged. Adams v. United States, 8 Cir., 333 F.2d 766; Taylor v. United States, 8 Cir., 332 F.2d 918; Jackson v. United States, 8 Cir., 325 F.2d 477. So have other courts of appeal. Casias v. United States, 10 Cir., 331 F.2d 570; United States v. Dickerson, 6 Cir., 337 F.2d 343.

The attack based upon the variance between the indictment allegation

that the offense was committed in Little Rock and the proof that it was committed in North Little Rock is likewise without merit. Little Rock and North Little Rock are adjoining cities, both in the same judicial district. Both cities are within the jurisdiction of the court and have the same venue. There is no showing that the variance is material or that it caused the defendant any prejudice. See United States v. Ansani, 7 Cir., 240 F.2d 216, 223.

A careful examination of the indictment and the record convinces us that the indictment is not vulnerable to the collateral attack here made upon it. The record adequately shows that the indictment does disclose the name of the purchaser. Defendant was also fully advised prior to the trial of the name of Burris, the Government informer, who facilitated the same. The general rule stated in Keto v. United States, 8 Cir., 189 F.2d 247, 251, to which we have consistently adhered, to the effect that absent exceptional circumstances, the sufficiency of the indictment is not subject to collateral attack, fully applies to the attack upon the indictment here made.

The orders denying defendant § 2255 relief are affirmed.