Charles **PATTERSON**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7949.

United States Court of Appeals
Tenth Circuit.

April 29, 1965.

Edward Paul Weber, Jr., Denver, Colo., for appellant.

Jack R. Parr, Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

MURRAH, Chief Judge.

In this motion under 28 U.S.C. § 2255, the petitioner attacks his judgment and sentence on a narcotics charge for the legal insufficiency of the indictment. The trial court held the indictment legally sufficient and dismissed the motion without a hearing. We sustain the order of dismissal.

The petitioner contends that the indictment did not sufficiently apprise him of the nature of the offenses charged so that he could properly prepare a defense, nor was it sufficient to enable him to plead the judgment as a bar to any future proceedings which might be brought against him for the same offenses. Specifically, he argues that the indictment was fatally bad because of its failure to name the purchaser of narcotics in each

count. He relies heavily on Lauer v. United States, 320 F.2d 187, wherein the Seventh Circuit held defective a narcotics indictment for failure to state the name of the purchaser. Though conceding the purchaser's identity was not an element of the offense, the Court was nevertheless of the view that " * * * the identity of the 'person to whom' such a sale is alleged is a factor 'central to every prosecution under the statute' and of which the accused is entitled to be apprised by the indictment." (320 F.2d 191)

 We have respectfully declined to follow the Lauer decision being of the view that the purchaser's name was not an essential part of the information required to apprise the accused of the charges against him to enable him to prepare a defense and plead it as a bar. See Clay v. United States, 10 Cir., 326 F.2d 196; McDowell v. United States, 10 Cir., 330 F.2d 920; Casias v. United States, 10 Cir., 331 F.2d 570. Other circuits are in accord. See United States v. Dickerson, 337 F.2d 343 (CA 6); Moore v. United States, 337 F.2d 350 (CA 8); Borroto v. United States, 338 F.2d 60 (CA 5).

This would end the matter but for the adroit plea of petitioner's appointed counsel to the effect that whatever may be said of the previous decisions of this Court, their rule should not obtain here. He argues that the complexity of the multi-count indictment in this case requires the naming of the narcotics purchaser in each count so that the transaction described therein can be properly identified.

The petitioner was charged in five counts with violation of five statutes relating to narcotics, i. e. 26 U.S.C. §§ 4742(a), 4744(a) (1), 4744(a) (2), 4755 (a) and 21 U.S.C. § 176a. Each count of the indictment alleged he had violated a particular statute on a particular day in a particular area; it further set forth the precise amount of narcotics involved along with the overt act alleged to be violative of the statute. We think these

allegations sufficiently definite and specific to inform the petitioner of the nature of the charges against him. If for some specified reason the name of the purchaser becomes essential to the defense of the charges, the accused may always request the court for a bill of particulars under Rule 7(f) F.R.Crim. P.

The omission of the purchaser's name from the indictment does not make it invalid for double jeopardy. It is the judgment not the indictment which constitutes the bar to further prosecution for the same offense. The judgment of conviction constitutes a bar not only to any prosecution for an offense charged within the indictment but also to any offense which could have been charged. Nunley v. United States, 10 Cir., 339 F.2d 442, and cases cited.

Judgment is affirmed.