Benjamin **HEMPHILL**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18936.

United States Court of Appeals
Eighth Circuit.

April 2, 1968.

**46**

Kenneth V. Byrne, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., St. Louis, Mo., on the brief.

Before MATTHES, GIBSON and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

Benjamin Hemphill has appealed from a judgment of conviction entered pursuant to a jury verdict finding him guilty of the unlawful sale of heroin without the requisite Treasury form in violation of 26 U.S.C.A. § 4705(a). We affirm.

The government's case rests primarily on the testimony of a government informer, Mrs. Bernice Taylor, and federal narcotic agent, Richard M. Patch. The informer, at the inducement of Patch, entered into a narcotic purchase arrangement with the defendant under the surveillance of narcotic agents.

The uncontroverted evidence established that on September 9, 1966, pursuant to a telephone conversation between Mrs. Taylor in St. Louis, Missouri and the defendant in Chicago, Illinois, the sum of $360.00 was sent to defendant by telegram in payment for a quantity of heroin which he agreed to deliver to Mrs. Taylor. On September 15, 1966, defendant came to St. Louis from Chicago, and arrived at the Taylor home around 9:45 A.M. Upon entering the Taylor home he placed a package on a table in the kitchen and shortly departed. Immediately thereafter Agent Patch, who had observed the transaction from a secluded position, initialed, sealed and sent the package to a United States chemist in Chicago. Ferris Van Sickle, the chemist who analyzed the contents of the package, testified it contained 4.701 grams of heroin.

In addition to his contention that the district court erred in overruling his motion for judgment of acquittal at the close of the entire case defendant alleges several procedural errors, the cumulative effect of which he contends deprived him of a fair trial. We consider each point seriatim.

*Motion for Reduction of Bond*

Defendant argues that the court erred in denying his motion for reduction of his bail bond. He contends that the amount of the bond fixed by the United States District Court was excessive in contravention of the Eighth Amendment, that as a result of the court's action he was unable to make bail, and thus was prevented from properly preparing his defense or otherwise assisting his counsel in the preparation of the case from the confines of his jail cell.[1] Defendant did

---

1. Defendant was arrested in Chicago, Illinois where bond had been originally set at $5,000.00. Subsequently, upon a motion for reduction, the United States District Court for the Northern District of Illinois reduced the amount of the bond to $1,000.00. Defendant then secured his freedom by posting a cash deposit of $100.00 in lieu of the bond. In his appearance on May 15, 1967 before the United States District Court for the Eastern District of Missouri in St. Louis

not appeal from the order denying his application for reduction of the amount of the bond, but rather contends as part of this appeal that he sustained substantial prejudice as the result of the denial of his motion.

■■ In this posture defendant's appeal from the denial of his motion for reduction of bail comes much too late. It is well settled that the proper procedure for challenging the legality of excessive bail is by motion for reduction of the amount and timely appeal from the order denying such motion. Stack v. Boyle, 342 U.S. 1, 6, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Moreover, this Court has consistently refrained from reviewing an order fixing bail, where the question has been initially raised upon appeal from the judgment of conviction. White v. United States, 330 F.2d 811, 815 (8th Cir. 1964), cert. denied, 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58 (1964); Hewitt v. United States, 110 F.2d 1, 6 (8th Cir. 1940), cert. denied, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409 (1940); cf. United States v. Radford, 361 F.2d 777, 781 (4th Cir. 1966), cert. denied, 385 U.S. 877, 87 S.Ct. 158, 17 L.Ed.2d 105 (1966); Kaufman v. United States, 325 F.2d 305, 306 (9th Cir. 1963).

Defendant urges that the district court erred in overruling several of his pretrial motions. They are (1) motion to dismiss the indictment; (2) motion to suppress evidence; (3) motion for discovery under Rule 16 of the Federal Rules of Criminal Procedure, and (4) motion for disclosure of information "favorable" to the defendant. We conclude that the district court acted properly in denying these motions and that the defendant suffered no prejudice as the result of the denial.

*Motion to Dismiss the Indictment*

■ We find no merit whatever in this contention. Treating the well-pleaded facts as true the indictment is legally sufficient on its face to charge a criminal offense under Section 4705(a). It is not so vague or indefinite as to effectively preclude the defendant from defending against it. The bill of particulars furnished by the government afforded all the essential details of the offense. The indictment coupled with the bill of particulars provided defendant with ample notice of the nature of the charges and was sufficient to enable him to plead an acquittal or conviction in bar of any future prosecution for the same offense. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

■ Contrary to defendant's intimation, the naming of a purchaser of narcotics is not an indispensable element to a charge of the unlawful sale of narcotics. Aggers v. United States, 366 F.2d 744, 746 (8th Cir. 1966), cert. denied, 385 U.S. 1010, 87 S.Ct. 719, 17 L.Ed.2d 548 (1967); Cain v. United States, 349 F.2d 870, 871 (8th Cir. 1965); Moore v. United States, 337 F.2d 350, 351 (8th Cir. 1964), cert. denied, 379 U.S. 994, 85 S.Ct. 712, 13 L.Ed.2d 614 (1965); Taylor v. United States, 332 F.2d 918, 919–920 (8th Cir. 1964); cf. Collins v. Markley, 346 F.2d 230, 232 (7th Cir. 1965), cert. denied, 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965); Clay v. United States, 326 F.2d 196, 198–199 (10th Cir. 1963), cert. denied, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964).

■■ This same rationale would apply with equal force to the failure of the indictment to specify either the consideration for, or the exact location of the sale. Allegations of consideration or venue are no more essential elements of an indictment than the name of a purchaser. Cf. Flores v. United States, 338 F.2d 966, 967 (10th Cir. 1964); Carbo v. United States, 314 F.2d 718, 733 (9th Cir. 1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964).

to answer the indictment that court, cognizant that the defendant had previously received a ten year term of imprisonment for violation of the narcotics law, increased the amount of the bond to $5,000.00 and placed defendant in the custody of the United States Marshal.

Moreover, we fail to perceive how defendant sustained any prejudice as the result of such omissions particularly where, as here, all of this information was supplied through the bill of particulars.

*Motion to Suppress*

■ This motion was properly denied. Examination of the record thoroughly refutes the notion that any evidence was unlawfully seized from defendant's possession. Although the point is not articulately raised in either his brief or motion to suppress, defendant apparently contends that the monitoring by Agent Patch of Mrs. Taylor's conversation with him on September 9th was improper, and therefore Patch's testimony with respect to that conversation should have been suppressed. Because of the vagueness of the motion to suppress, and the failure to object to Patch's testimony relating to the conversation, it is doubtful whether this point has properly been preserved for review. In any event, the Supreme Court has held that the contents of a communication overheard on a regularly used telephone extension with the consent of one party to the conversation are admissible in federal court. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).

*Motions for Discovery*

■■ Relying upon Rule 16, Fed.R. Crim.P., defendant alleges error in the court's denial of inspection of (1) reports of scientific experiments conducted in connection with the case and (2) criminal records of all witnesses in the case. An application for relief under the discovery rules, however, is a matter within the sound discretion of the district court and is reviewable only for an abuse of discretion. Gevinson v. United States, 358 F. 2d 761 (5th Cir. 1966), cert. denied, 385 U.S. 823, 87 S.Ct. 51, 17 L.Ed.2d 60 (1966). We find no abuse of discretion here, particularly in absence of any showing that defendant was prejudiced. Disclosure of the chemist's report would not have materially aided in the preparation of the defense. Defendant does not, and in view of the uncontradicted evidence,

could not logically assert that the package did not contain heroin. Rather he speculates that the scientific experiments may have disclosed a smaller quantity of heroin than was the subject of the sale. The testimony of the government chemist, Ferris Van Sickle, with respect to his analysis of the package's contents, does point out such a minor discrepancy. The confusion as to the exact quantity of heroin, however, did not amount to a fatal variance between the indictment and proof. Defendant, moreover, seized upon this variation in cross-examination and closing argument. Production of the experiment report itself would have disclosed no greater revelation.

■ The assertion that the government should have informed the defendant prior to trial of the criminal record of the government's witnesses is utterly lacking in merit, and requires no further comment.

■ The district court properly denied defendant's attempt to achieve a wholesale disclosure of the government's case by his motion for disclosure of evidence "favorable" to the accused. Despite the broad language of Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), upon which defendant bases his motion, there is nothing in this record even remotely suggesting that the government has suppressed material evidence favorable to the defendant. His position therefore is not akin to the aggravated situation condemned in Brady v. State of Maryland, supra, where the prosecution in the trial of the accused suppressed a confession of an accomplice admitting the actual homicide. Cf. United States v. Wilkins, 326 F.2d 135 (2d Cir. 1964) (prosecution required to disclose existence of two disinterested eyewitnesses who would have testified that defendant was not a participant in the robbery charged). Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964) (suppression of exculpatory evidence in the nature of ballistics reports and fingerprint tests tending to show that a revolver not be-

longing to the accused was used in the crime held to be a denial of due process).

*Motion for Bill of Particulars*

 The district court granted and denied in part defendant's motion for a bill of particulars. He asserts error concerning that portion of the motion that was denied. We hold that the district court acted within its discretion in limiting the scope of the bill of particulars. The bill of particulars that was furnished precisely apprised the defendant of the nature of the charge against him with sufficient clarity and specificity to enable him to prepare for trial. That portion of the motion wherein the defendant sought to determine the manner in which the sale of narcotics took place concerns evidentiary matters. Acquisition of evidentiary detail is not the function of the bill of particulars. Ross v. United States, 374 F.2d 97, 103–104 (8th Cir. 1967), cert. denied, 389 U.S. 882, 88 S.Ct. 130, 19 L.Ed.2d 177 (1967); Ray v. United States, 367 F.2d 258, 263 n. 5 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967).

*Motion for Continuance*

 On the morning of trial the defendant orally moved for a continuance to secure time in which to check where and to whom certain telephone calls to Chicago were made. He asserts error in the court's denial of this motion. Apart from the question as to the sufficiency of the motion because of its vagueness, we find no substance in this assignment of error. It is a well settled rule that a motion for a continuance is addressed to the sound discretion of the trial judge, the exercise of which will ordinarily not be reviewed. Stamps v. United States, 387 F.2d 993 (8th Cir. 1967); Butler v. United States, 351 F.2d 14, 18–19 (8th Cir. 1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966); Ray v. United States, 197 F.2d 268, 270–271 (8th Cir. 1952). Considering counsel's ample opportunity prior to trial to investigate the matters concerning which he sought a continuance we find no clear abuse of discretion in its denial.

*Motion for Judgment of Acquittal*

 In view of the uncontroverted evidence relating to defendant's guilt we find this assignment of error patently lacking in merit. His sole defense to the charge against him was an attack on the credibility of government informer, Mrs. Taylor. The jury chose to believe Mrs. Taylor, whose testimony was substantially corroborated by Agent Patch. On the record as a whole there is unquestionably substantial evidence to support the verdict.

The judgment of conviction is accordingly affirmed.