**UNITED STATES of America,
Plaintiff,**

**v.**

**Walter T. WITHERS, also known as
Inky; Leslie E. Rattet; and
James Witz, Defendants.**

**No. 69 CR 261.**

United States District Court
N. D. Illinois, E. D.

Sept. 12, 1969.

As Amended Dec. 3, 1969.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff.

Jay M. Freedman, Chicago, Ill., for defendant Walter Withers.

Jay A. Schiller, Chicago, Ill., for defendant James Witz.

James G. Demopoulos, Chicago, Ill., for defendant Leslie Rattet.

## MEMORANDUM AND ORDER ON PRETRIAL MOTIONS SUBMITTED BY DEFENDANTS RATTET AND WITHERS

ROBSON, District Judge.

Count One of the two-count indictment charges that the three defendants, Walter Withers, Leslie Rattet, and James Witz, fraudulently and knowingly received, concealed, bought, sold, and facilitated the transportation and sale of 136.547 grams of a mixture containing cocaine hydrochloride, a narcotic drug, after its importation into the United States contrary to law with knowledge that the drug had been so imported, in violation of Title 21, United States Code, Section 174. Count Two charges that defendant Rattet unlawfully sold, bartered, exchanged, and gave away 136.547 grams of the same mixture to one Raymond L. Vinsik not in pursuance to a written order on a form issued for that purpose by the Secretary of the Treasury of the United States, in violation of Title 26, United States Code, Section 4705(a).

## MOTION TO DISMISS THE INDICTMENT

Defendant Rattet has moved to dismiss the indictment on the grounds that it is vague, that it does not state an offense under the laws of the United States, that it does not allege facts concerning essential elements of the offense, and that Counts One and Two are multiplicious. Defendant Withers additionally has moved to dismiss Count One on the ground that the statutory presumption of knowledge of unlawful importation from the fact of possession contained in Section 174 violates the Fifth Amendment.

■ The indictment substantially incorporates the wording of Title 21, Section 174, and Title 26, Section 4705(a). The date of the offense, the statute violated, and the essential facts constituting the offense are clearly stated, and as to Count Two, the purchaser of the drug is named. The defendants are sufficiently apprised of the nature of the offense charged against them, there is no uncertainty, and all the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure are met.

■ Further, Counts One and Two state separate and distinct offenses arising out of the same conduct and cannot be dismissed as multiplicious. Rather, the combination of Title 21, Section 174, and Title 26, Section 4705(a), is normal procedure. See, e. g., United States v. Spencer, 415 F.2d 1301, 7th Cir. Aug. 22, 1969; Morgan v. United States, 391 F.2d 237 (9th Cir. 1968).

■ Additionally, Count One specifically charges the defendants with knowledge that the cocaine hydrochloride had been imported into the United States contrary to law and makes no reference to the presumption of Title 21, Section 174. Defendant Withers' argument that the presumption is unconstitutional is, therefore, premature at this stage since the knowledge element may be proved independently of the statutory presumption. It should be noted, however, that the constitutionality of Section 174 has been upheld repeatedly. See, e. g., Morgan v. United States, 391 F.2d 237 (9th Cir. 1968); United States v. Peeples, 377 F.2d 205 (2nd Cir. 1967); Garcia v. United States, 373 F.2d 806 (10th Cir. 1967); Thomas v. United States, 372 F.2d 252 (5th Cir. 1967); United States v. Coke, 364 F.2d 484 (2nd Cir. 1966) cert. den., 386 U.S. 918, 87 S.Ct. 877, 17 L.Ed.2d 789 (1967) (specifically as to cocaine hydrochloride), and that the recent decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), dealt with a domes-

**644**

tically produced drug. Therefore, the motion to dismiss the indictment is denied.

## MOTION FOR A BILL OF PARTICULARS

 Defendants Rattet and Withers have moved this court for a bill of particulars. They request in substance:

1. The exact time and location of the offenses charged in Counts One and Two;

2. The precise manner in which both alleged offenses were committed, and

3. The names and addresses of all those present at the scene of the alleged offenses.

The Government has answered the first request. Requests 2 and 3 both involve either evidentiary matters or names of witnesses. These matters are not discoverable as of right by a bill of particulars, and it is within the trial court's discretion to deny such requests for evidentiary detail. United States v. Wells, 387 F.2d 807 (7th Cir. 1968); United States v. Micele, 327 F.2d 222 (7th Cir. 1964). The motion, as to requests 2 and 3, is denied.

 Defendant Withers additionally moves for discovery and production of any evidence obtained by electronic surveillance. The Government has partially answered this request by stating that defendant Withers was not the subject of *illegal* electronic surveillance. This is not a sufficient answer under Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), in which the Supreme Court indicated that all surveillance records to which a defendant has standing to object should be turned over to him. The Supreme Court further held that one has sufficient standing only if he himself was the subject of the surveillance or if the surveillance was undertaken on his premises. Here, however, the defendant attempts to bypass these limits by requesting the production of all electronic surveillance involved in the case. This he cannot do. The Government is directed to declare whether it has any evidence obtained by electronic surveillance of the defendant Withers or of his premises and to disclose such evidence to the defendant. The motion for a bill of particulars, insofar as it relates to defendant Withers' request for electronic surveillance records, will be treated as a motion to produce such records, and it is therefore granted in part and denied in part.

## MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE WHETHER ANY DEFENDANT WAS THE SUBJECT OF ELECTRONIC EAVESDROPPING

 Defendant Rattet has moved this court to order the Government to disclose whether he himself, any other defendant, or any unindicted defendant has been the subject of electronic eavesdropping. The Government has answered that the only electronic surveillance of the defendant was with the consent of one of the parties then conversing with the defendant and therefore lawful under Title 18, United States Code, Section 2511(2) (c). Again this is not a sufficient answer under Alderman v. United States, *supra,* for the question is not whether the eavesdropping was legal but whether the defendant has standing to object to it. Defendant Rattet's motion also goes beyond the *Alderman* limits, however, and the Government will be directed to disclose only whether defendant Rattet or his premises were the subjects of electronic eavesdropping. The motion is therefore granted in part and denied in part.

## MOTION FOR DISCOVERY AND INSPECTION

 Defendant Rattet has made several requests for discovery and inspection. Requests 1 and 2 for any written or recorded oral statements made by the defendant to agents or representatives

of the Government have been complied with voluntarily by the Government. Likewise, copies of the report of the scientific tests made on the drug described in the indictment and any waiver of rights forms (Form 9–N) signed by the defendant have been produced for the defendant. Three contested requests remain. In request 3, the defendant asks that he be permitted to inspect and copy all written statements concerning himself made by any of his codefendants to the Government. Such statements are not discoverable under Rule 16 of the Federal Rules of Criminal Procedure, United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind.1967), or on any other basis, Morgan v. United States, 380 F.2d 686, 698–699 (9th Cir. 1967). Request 3 is therefore denied.

■ In request 5, defendant Rattet asks for a list of witnesses whom the Government expects to call at trial, and in request 6, for copies of any F.B.I. arrest and conviction records of those witnesses. Neither request is permitted under Rule 16 or on any other basis except by statute in capital cases. Dean v. United States, 265 F.2d 544 (8th Cir. 1959); United States v. Margeson, 261 F.Supp. 628, 629 (E.D.Pa.1966); Hemphill v. United States, 392 F.2d 45, 48 (8th Cir. 1968). Requests 5 and 6 are therefore denied.

## MOTION FOR SEVERANCE

Defendant Rattet has moved for a severance. He does not contest his joinder with the codefendants which clearly is proper here under Rule 8(b) of the Federal Rules of Criminal Procedure since the defendants are alleged to have participated in the same act or transaction constituting an offense. He asserts, however, that the joinder will prejudice his right to a fair trial.

■ Severance under Rule 14 of the Federal Rules of Criminal Procedure is within the discretion of the trial court. United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967); Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Where proof of the charges against the defendants is dependent on the same evidence, as is the case here, severance should not be granted except for the "most cogent reasons." United States v. Kahn, *supra;* United States v. Smith, 209 F.Supp. 907, 914 (E.D.Ill.1962); United States v. Burgio, 279 F.Supp. 843, 845 (S.D.N.Y.1968).

■ Defendant Rattet first alleges that statements of his codefendants, inadmissible against him, may be admitted into evidence against them to his prejudice. This allegation is unsubstantiated, since the Government neither acknowledges nor denies that it possesses statements from the codefendants. Thus it would be unwarranted at this stage to grant a severance. United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967).

■ Defendant Rattet next alleges that his codefendants may testify on their own behalf, forcing him to testify so as to avoid adverse inferences by the jury in violation of his privilege against self-incrimination. This allegation is totally without merit. A defendant in a criminal case has the absolute right to testify or not. Defendant's argument, if sustained, would eliminate joinder of any criminal defendants and would render the Federal Rules of Criminal Procedure a nullity.

■ Defendant's final allegation is that he may wish to call codefendants as witnesses and would be precluded from doing so at a joint trial. This unsubstantiated allegation is insufficient to require a severance. United States v. Kahn, *supra,* 381 F.2d at p. 841; Gorin v. United States, 313 F.2d 641 (1st Cir. 1963); Smith v. United States, 385 F.2d 34 (5th Cir. 1967). The de-

fendant has not shown, nor even asserted, that the testimony of a codefendant would exculpate him or that a defendant would be more likely to testify and risk self-incrimination if tried separately. United States v. Echeles, 352 F.2d 892, 898 (7th Cir. 1965). Therefore, the motion for severance is denied.

## MOTION FOR EVIDENCE FAVORABLE TO THE DEFENDANT

Defendant Rattet has moved for an order upon the Government to produce any favorable evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), including the criminal records of certain witnesses who may testify against him. As to the latter request, the Government need not disclose its witnesses prior to trial, United States v. Manhattan Brush Co., 38 F.R.D. 4, 7 (S.D.N.Y.1965), and the criminal records of such witnesses are likewise free from pretrial discovery under Brady or on any other ground. Hemphill v. United States, 392 F.2d 45, 48 (8th Cir. 1968); United States v. Cobb, 271 F.Supp. 159, 162 (S.D.N.Y.1967). As to the motion in general, the Government indicates that it now has no such exculpatory evidence or information but that it is aware of its obligations under Brady, supra, and will tender such information if it is subsequently acquired. The motion for exculpatory evidence is therefore denied.

## ORDERS

It is therefore ordered that the motion to dismiss the indictment, the motion for discovery and inspection, the motion for severance, and the motion for evidence favorable to the defendant be, and they are hereby denied.

It is further ordered that the motion for a bill of particulars, and the motion for disclosure of electronic eavesdropping be, and they are are hereby granted in part and denied in part as heretofore indicated.