Philip B. SHAW, Petitioner,

v.

Allan L. ROBBINS, Warden, Maine State Prison, Respondent.

Dennis J. CELLAMARE, Petitioner,

v.

STATE OF MAINE and Allan L. Robbins, Warden, Maine State Prison, Respondents.

Civ. Nos. 12–110, 12–127.

United States District Court,
D. Maine, S. D.

Feb. 23, 1972.

William E. McKinley, Portland, Me., for petitioners.

Courtland D. Perry, Asst. Atty. Gen., State of Me., Augusta, Me., for respondents.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

These two habeas corpus petitions present common questions of law and fact and have been combined for hearing and disposition pursuant to Fed.R.Civ.P. 41(a).

Petitioners Philip B. Shaw and Dennis J. Cellamare are both presently confined in the Maine State Prison at Thomaston, Maine serving sentences imposed by the Cumberland County, Maine Superior Court upon their conviction, together with one Toppi, following jury trial, of the crime of conspiracy to commit larceny (17 M.R.S.A. § 2101) in violation of 17 M.R.S.A. § 951. On appeal, the Supreme Judicial Court of Maine affirmed all three convictions. State v. Toppi, 275 A.2d 805 (Me.1971). In their present petitions petitioners assert that their convictions were obtained in

violation of their Fourteenth Amendment rights to Due Process of Law. It is conceded that petitioners have exhausted their available state remedies as required by 28 U.S.C. § 2254(b), and the case has been submitted on the state court record.

Petitioners make a threefold attack on their convictions. After a careful review of the entire record, the Court finds that there is no merit in any of their contentions.

### I

Petitioners complain first of the State's refusal, after demand, to furnish them with the criminal record of one John H. Wichelns, who was named in the indictment as a co-conspirator, but not as a defendant, and who was the State's principal witness at the trial. The record discloses that prior to trial defendants, through counsel, filed a motion under Me.R.Crim.P. 16(a) for discovery of Wichelns' criminal record. The State resisted the request, and after hearing, the court denied petitioners' motion, stating as its reason that "counsel can get that information if they wish, by other means. The Court does not feel the State has to furnish this to them." The record is barren of any evidence that the State in fact had possession of Wichelns' criminal record at the time.

On this showing, petitioners' contention is plainly without merit. Me.R.Crim.P. 16(a), like its federal counterpart (Fed.R.Crim.P. 16(a)), provides for discovery only of matters "[which are] within the possession, custody, or control of the state." Absent such a showing, the denial of petitioners' request was clearly correct under the Rule. State v. Toppi, *supra* at 812; *cf.* Hemphill v. United States, 392 F.2d 45, 48 (8th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968); United States v. Withers, 303 F.Supp. 641, 645 (N.D.Ill.1969); United States v. Johnson, 298 F.Supp. 58, 65 (N.D.Ill.1969). Nor can petitioners derive comfort from Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). There is no question that *Brady* and *Giles* require the prosecution to disclose evidence *in its possession* materially favorable to the defendant in a criminal case. But, as the Court of Appeals for this Circuit has observed, "We do not read those cases to authorize extensive pretrial discovery by the defendant." United States v. DeLeo, 422 F.2d 487, 498 (1st Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). And it is eminently clear that *Brady* and *Giles* do not require the prosecution affirmatively to seek out evidence which may be helpful to the defendant. United States v. DeLeo, *supra;* Hemphill v. United States, *supra;* United States v. Moore, 439 F.2d 1107 (6th Cir. 1971); United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis. 1969); United States v. Withers, *supra,* 303 F.Supp. at 646; United States v. Gleason, 265 F.Supp. 880, 883–884 (S.D. N.Y.1967); United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind.1967); United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965). In the present case, there is absolutely no showing that the State of Maine breached its duty under *Brady* and *Giles* to disclose any information in its possession which was materially favorable to petitioners.

Petitioners also assert that they were denied Due Process by the State's refusal, after demand, to furnish them with Wichelns' criminal record at the trial. But the record discloses that petitioners' counsel did not renew the request for Wichelns' criminal record during the course of the trial. Nor is there any evidence that the State at any time had possession of that record.

The conclusion that petitioners were denied no constitutional right by the failure of the State to furnish them with Wichelns' criminal record is strengthened by the fact that, so far as the record reveals, petitioners' counsel

could themselves have obtained his record had they made a reasonable effort to do so. *Cf.* United States v. De-Leo, *supra*, 422 F.2d at 499. Indeed, as hereinafter set forth, it appears that counsel did, in fact, obtain knowledge of Wichelns' record and used that knowledge at the trial.

## II

■ Petitioners next complain of the exclusion by the trial judge of evidence, offered for impeachment, that Wichelns had been convicted of the crime of malicious damage to personal property in Massachusetts. With respect to this contention, the record discloses that during the course of Wichelns' cross-examination, he admitted to a 1965 Massachusetts conviction of assault with a dangerous weapon. He was then asked whether he had been convicted in 1966 for malicious damage to personal property. Following an extended colloquy with counsel in chambers, the trial judge excluded evidence of the second conviction because defendants' counsel was unable to satisfy the court that the conviction was either a felony or a crime involving moral turpitude under Massachusetts law.[1]

As previously noted, the record before this Court is devoid of evidence that petitioners' counsel at this time renewed their request that the State produce Wichelns' criminal record, nor is there any showing that the State in fact possessed Wichelns' record. Furthermore, it is evident from the fact counsel asked the question that they had obtained knowledge of the conviction concerning which they inquired. The trial judge's exclusion of this evidence was based solely upon the failure of counsel to bring to the Court's attention the Massachusetts statute [2] which would establish that the conviction was for a felony or a crime involving moral turpitude.[3] Again, no reason appears why counsel could not have obtained this information with minimal effort. Under these circumstances, the Court's ruling denied petitioners no federal constitutional right.

## III

■ Petitioner Cellamare additionally asserts that the trial judge coerced the jurors to return a guilty verdict by giving the "Allen" charge. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L. Ed. 528 (1896), following Commonwealth v. Tuey, 8 Cush. (62 Mass.) 1 (1851). The record discloses that the jury retired to deliberate at 11:45 a.m.; the trial judge gave the *Allen* charge to the jury at 4:40 p.m.; and the jury returned its verdict at 10:03 p.m. The Maine court held that the question of whether the *Allen* charge is coercive was academic because it clearly had no such effect in the instant case, since the jury returned its verdict more than five hours after the charge was given. State v. Toppi, *supra*, 275 A.2d at 814. This Court will not disturb that conclusion. *Cf.* United States v. Martinez, 446 F.2d 118 (2d Cir. 1971); United States v. Moore, 429 F.2d 1305, 1307 (9th Cir. 1970). Furthermore, although the *Allen* charge has lately been subjected to much criticism, and several Courts of Appeals, *in the exercise of their supervisory powers*, have banned

---

I. The applicable Maine Statute provides that only "a felony, any larceny or any other crime involving moral turpitude" may be shown to impeach the credibility of a witness. 16 M.R.S.A. § 56.

2. The Maine statute with reference to judicial notice of foreign law provides: The court may inform itself of such laws in such manner as it may deem proper and the court may call upon counsel to aid it in obtaining such information. 16 M.R.S.A. § 403. *See* Strout v. Burgess, 144 Me. 263, 274–276, 68 A.2d 241 (1949).

3. It appears from a certified copy of Wichelns' 1966 conviction, which has been filed by petitioners' counsel with this Court, that his conviction was for a felony under Massachusetts law. *See* Mass.Gen. Laws ch. 266, § 127.

it and directed trial judges to utilize the more balanced instruction suggested by the American Bar Association,[4] United States v. Thomas, 449 F.2d 1177 (D.C.Cir.1971); United States v. Fioravanti, 412 F.2d 407 (3rd Cir.), cert. denied, Panaccione v. United States, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969); United States v. Brown, 411 F.2d 930 (7th Cir. 1969), cert. denied, 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508 (1970),[5] no court has yet held that the charge was intrinsically so coercive as to amount to a denial of Due Process. While cautioning trial judges to avoid substantive departures from the standard charge, the Court of Appeals for this Circuit has very recently stated that it is not ready to proscribe its use by federal trial judges in this Circuit. United States v. Flannery, 451 F.2d 880 (1st Cir. 1971); *see also* United States v. Martinez, *supra*, and cases cited therein. In the present case, the trial judge did not depart in any material respect from the precise language of the charge as approved by the Supreme Court in *Allen*.[6] This Court is not prepared to say that petitioners were denied any federal constitutional right by its use by a state trial judge in this case.

Petitioners have been denied no federal constitutional right by the State of Maine in any of the respects alleged by them in their present petitions.

It is therefore ordered that the petitions are dismissed and the writs *denied*.[7]

---

4. American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, Section 5.4 at 145–46 (1968).

5. The Maine court has very recently been persuaded to the same view. State v. White, 285 A.2d 832 (Me. 1972), and at least two other state courts have similarly proscribed the *Allen* charge on supervisory grounds. State v. Thomas, 86 Ariz. 161, 342 P.2d 197, 200 (1959); State v. Randall, 137 Mont. 534, 353 P.2d 1054, 1058 (1960).

6. In any event, so far as the present record discloses, petitioner did not complain, either to the trial judge or to the Maine court, of any substantive departure from the standard charge. *Cf.* Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed. 2d 438.

7. Petitioners have been ably represented throughout these proceedings by court-appointed counsel, William E. McKinley, Esquire, of Portland. Mr. McKinley's service has been in the highest tradition of the bar. His conscientious efforts on behalf of petitioners have greatly assisted the Court.