UNITED STATES of America, Plaintiff,

v.

**Billy Louis TURNER, Defendant.**

UNITED STATES of America, Plaintiff,

v.

**Paul Keener DYKES et al., Defendants.**

**Nos. CR–4–75–15 and 16.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 4, 1976.

Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

Joe S. Bean, Joe R. Hickerson, and Buddy D. Perry, Winchester, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendants Messrs. Turner and Dykes respectively moved herein for certain pretrial and trial discovery.* Specifically, such movants request that the government furnish to them prior to trial herein the criminal records of the prosecution's intended witnesses and of their codefendant and a list of such government witnesses with a summary of their testimony, and that the government produce at trial the criminal records of its witnesses. Such motion lacks merit.

Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, as amended effective December 1, 1975, which is the only section of such rule applicable hereto, provides in pertinent part:

> *   *   *   *   *   *
>
> * * * Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

In adopting such provision the Congress has expressly indicated that such rule does not permit or authorize the pretrial discovery of "witness lists":

> *   *   *   *   *   *
>
> * * * The Senate version of the bill eliminates [the provisions of the House bill allowing for such discovery], thereby making the names and addresses of a party's witnesses nondiscoverable. * * * The Conference adopts the Senate version.
>
> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.
> *   *   *

Conference Committee Notes, House Report No. 94–414. From Historical Note, 28 U.S.

---

* Although the moving defendants listed several case authorities in such motion, they failed to file a brief in support thereof. Local Rule 12(a).

C.A. Federal Rules of Criminal Procedure, Rule 16, pages 361–362.

In a decision arising under former Rule 16(b), the immediate predecessor and for the present purposes the substantial equivalent of Rule 16(a)(1)(C), *supra*, the Sixth Circuit stated:

> \* \* \* [This rule] permits a defendant, upon a proper showing of materiality to the preparation of his defense and reasonableness of the request, to inspect and copy books, papers, documents, tangible objects, buildings or places, which are in the possession of the government. \* \* \* *[T]he names and criminal records of government witnesses are not discoverable under Rule 16(b).* \* \* \* [Emphasis supplied].

*United States v. Conder*, C.A.6th (1970), 423 F.2d 904, 910[7], certiorari denied (1970), 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267.

> "\* \* \* The assertion that the government should have informed the defendant prior to trial of the criminal record of the government's witnesses is utterly lacking in merit, and requires no further comment. \* \* \* "

*Hemphill v. United States*, C.A.8th (1968), 392 F.2d 45, 48[10].

> " \* \* \* [T]he defendants seek the names and addresses of all witnesses that the prosecution plans to call at the trial as well as a detailing of any prior felony convictions that such witnesses may have. Only if the offenses charged were capital would movants be entitled to a list of witnesses. 18 U.S.C. § 3432. \* \* \* "

*United States v. Bally Manufacturing Corporation*, D.C.La. (1972), 345 F.Supp. 410, 435[50].

■ It is thus clear that the defendants do not have any right to the discovery sought herein; however, such does not forbid the Court from requiring the same, in its discretion, upon a proper showing. As has been stated:

> \* \* \* [The rules] do not in any manner suggest that the court does not possess the authority to order that such a [witness] list be disclosed. \* \* \* [T]he courts that have considered the issue before us have recognized that the district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial. \* \* \*

*United States v. Jackson*, C.A.7th (1975), 508 F.2d 1001, 1006[12]. However, " \* \* \* [i]f a defendant desires discretionary disclosure of the government's witnesses, he should make the showing similar to that required by rule 16(b) \* \* \* [but] his mere statement \* \* \* that discovery was reasonable and was necessary in order to prepare properly for trial \* \* \* would be inadequate. \* \* \* " *United States v. Richter*, C.A.9th (1973), 488 F.2d 170, 174–175[5, 6, 7].

■ The defendants having failed herein to make a sufficient showing so as to invoke this Court's discretionary power to allow discovery in criminal actions, such motion hereby is

DENIED.